**United States District Court**
**For The District of Columbia**

| | |
|---|---|
| **United States of America,** | |
| v. | Case No. 21-cr-144-2 (RBW) |
| **Tammy A. Bronsburg,** | |
| **Defendant.** | |

**Motion to Terminate Probation as an Illegal Punishment**

Tammy A. Bronsburg, through undersigned counsel, moves to terminate her probation as unlawful in light of *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023). *Little* makes clear that this Court was never allowed to impose two punishments, incarceration and probation, for a single offense. Yet, Ms. Bronsburg received both. She has fully served her punishment of imprisonment, and therefore her probation should be terminated because she cannot twice be punished for the same offense. *See Ex Parte Lange*, 85 U.S. 163 (1873); *In Re Bradley*, 318 U.S. 50 (1943). Under 18 U.S.C. § 3564(c), the Court has the authority to terminate her probation forthwith.

**I.     Background**

In February 2021, Ms. Bronsburg was charged by information with four counts related to her activities at the U.S. Capitol on January 6, 2021. *See* Information, ECF No. 14 (Feb. 22, 2021); Superseding Information, ECF No. 42 (Feb. 25, 2022); Second Superseding Information, ECF No. 45 (Mar. 22, 2022). In June 2022, she pled guilty to a single petty offense (Count 4 of the Second Superseding Information) of Parading, Demonstrating, or Picketing in a Capitol

1

Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  *See* Plea Ag't, ECF No. 58 (Jun. 27, 2022); Min. Entry (Jun. 27, 2022).

The government requested a sentence of 30 days' incarceration as a condition of 36 months' probation, 60 hours of community service, and $500 in restitution.  *See* Gov't Sent'g Mem., ECF No. 70 (Sep. 21, 2022).  Ms. Bronsburg requested a period of probation and community service.  *See* Def. Sent'g Mem. (filed under seal).

On January 5, 2023, this Court sentenced Ms. Bronsburg to 20 days of incarceration, followed by two years of probation, and $500 in restitution.  *See* Judgment, ECF No. 82 (Feb. 3, 2023).  Ms. Bronsburg finished serving her term of incarceration, and began serving her 24-month term of probation on May 17, 2023.

**II.     Argument**

This Court was never allowed to impose two punishments for a single petty offense. Having been sentenced to, and fully served, imprisonment, the probation Ms. Bronsburg is on is unlawful, as it was simply not punishment that was statutorily permitted in conjunction with imprisonment.  Her probationary term should thus be terminated in the interests of justice.

The defendant in *Little* was also sentenced to two separate forms of punishment for a single offense—imprisonment and probation.  *See Little*, 78 F.4th at 454, 461.  In overturning his overall sentence as unlawful on appeal, the D.C. Circuit explained that "[p]robation and imprisonment are alternative sentences that cannot generally be combined," so that "the district court could not"—as was done here—"impose both for Little's petty offense."  *Id.* at 454. Specifically holding that "a defendant may not get probation and imprisonment for a single petty offense," the Court made clear that the available sentences were "(1) probation, (2) a fine, (3)

imprisonment, (4) probation and a fine, *or* (5) imprisonment and a fine." *Id.* at 456, 458 (emphasis added). And, as the D.C. Circuit underscored, this statutory scheme means that "[o]nce a petty offender is done with imprisonment he may move on with his life," with no further post-confinement monitoring. *Id.* at 459 (citing 18 U.S.C. § 3583(b)(3)).

Because imprisonment and probation were alternative punishments, one of which Ms. Bronsburg has completed, continuing Ms. Bronsburg on probation punishes her twice for the same offense. But "[n]o one can be twice punished for the same crime or misdemeanor[.]" *Ex parte Lange*, 85 U.S. at 169. Indeed, "we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." *Id.* at 173.

Once Ms. Bronsburg completed her imprisonment, the Double Jeopardy Clause "then interposed its shield, and forbid that [s]he should be punished again for that offence" with probation. *Id.* at 176. Put another way, "when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone." *Id.* "Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint." *In re Bradley*, 318 U.S. at 52.

Similar to the sequence in Ms. Bronsburg's case, the defendant in *Ex parte Lange*, 85 U.S. 163, was convicted a single offense—stealing mailbags from the Post Office—under a statute that carried punishment of *either* imprisonment for up to one year *or* a fine of up to $200. The trial court, erroneously, imposed *both* punishments, and after the defendant had paid his fine and spent five days in prison, the court attempted to correct its error by entering an order

3

resentencing him to one year in prison. The Supreme Court, however, held that because the defendant had "fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offence," the court's "power to punish for that offence was at an end." *Id.* at 176. Because the court's second order violated the Double Jeopardy Clause, the Supreme Court ordered that the petitioner be freed. *Id.* at 178.

Similarly, in *In re Bradley*, 318 U.S. 50, a petitioner was found guilty of contempt and sentenced to six months in prison and a $500 fine. He began serving his prison sentence, and his attorney paid the fine three days later. The court subsequently realized that the relevant statute permitted imprisonment or fine, but not both, and it issued a new order amending the sentence to omit the fine but retain the imprisonment term, with instructions to return the fine to the petitioner. The Supreme Court held the court's new order to be "a nullity." *Id.* at 52. "As the judgment of the court was thus executed so as to be a full satisfaction of one of the two alternative penalties of the law, the power of the court was at an end." *Id.*

The same is true here. The power of this Court to continue its supervision of Ms. Bronsburg through the previously-imposed punishment of probation ended after Ms. Bronsburg fully served the separate punishment of imprisonment. Ms. Bronsburg has already served over eight months of probation that is unlawful. The interests of justice support the termination of the remainder of her term of probation now.

Finally, because the term of probation following Ms. Bronsburg's completion of her term of imprisonment was unlawful, any alleged violations of that probation should not bear on whether this Court should terminate the probation in the interests of justice. Simply put, Ms.

4

Bronsburg's probation should be terminated because it is unlawful and a double punishment that violates the Double Jeopardy Clause.

### III. Conclusion

After Ms. Bronsburg completed her imprisonment term, the power of this Court to continue to punish her for her offense of conviction was at an end. Under 18 U.S.C. § 3564(c), therefore, the interests of justice require that her probation be terminated forthwith.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
JOANNA MUNSON PERALES
Research & Writing Attorney
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500